**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| INDIANA STATE CONFERENCE OF NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), *et al.*<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, *et al.*<br><br>　　　　　Defendants. | Civil Action No. 2:17-cv-00334-JVB-JEM |

## PLAINTIFFS' MOTION TO STAY PROCEEDINGS

Plaintiffs in the above-captioned case, by counsel, respectfully move the Court to enter the attached Proposed Order for a limited stay of this matter until ten (10) days after a precinct consolidation plan is adopted pursuant to Ind. Code § 3-6-5.2-10 (the "Lake County Precinct Consolidation Law" or the "Law"), or until September 1, 2018, whichever occurs first. Plaintiffs conferred with Defendants prior to filing this motion.[1] Plaintiffs gave Defendants nearly two weeks to determine whether they would join the motion. At the time of filing, however, Defendants informed Plaintiffs that they were still determining their position on the motion.

Plaintiffs filed this case on August 9, 2017 to challenge the Lake County Precinct Consolidation Law on the grounds that it violates Section 2 of the Voting Rights Act and a number of constitutional provisions. Thereafter, the small precinct committee and the Indiana Election

---

[1] Plaintiffs initially proposed extending the deadlines in the current case schedule to dates certain, and Defendants appeared amenable to extending the deadlines (though specific dates were neither proposed nor determined) in light of the amendment to the Law.

Commission – the two entities charged with the task of adopting a precinct consolidation plan for Lake County under the Law – did not adopt or implement a plan by the statutory deadlines. However, on March 8, 2018, the Indiana legislature passed House Bill 1383, which amends Ind. Code § 3-6-5.2-10, changing the process for the adoption and implementation of a precinct consolidation plan and extending the deadlines for doing so. House Bill 1383 was signed by the Speaker on March 13, 2018, and by the President Pro Tempore on March 14, 2018. House Bill 1383 was presented to the governor on March 21, 2018. The governor may now sign the bill into law or veto it. If he fails to act on the bill by March 28, 2018, it will become law without his signature.[2]

Under House Bill 1383, the Indiana Election Commission has until July 1, 2018 to adopt a precinct consolidation plan. If it fails to do so, then by August 1, 2018, the Secretary of State shall determine the following: (1) which precincts in Lake County had fewer than 600 active voters as of November 1, 2017; (2) whether compliance with the precinct boundary standards set forth in Indiana law would prevent the combination of any such precincts; and (3) the potential savings in the administration of elections that would result from the combination of precincts under the Law. The Secretary of State is then required to issue an order to consolidate precincts and must file the order with the Lake County Board of Elections and Voter Registration and the Indiana Election Commission. Pursuant to House Bill 1383, regardless of whether a precinct consolidation plan is adopted by the Indiana Election Commission or the Secretary of State, the plan would take effect on January 1, 2019.[3]

---

[2] Ind. Const. Art. 5, § 14(b).

[3] On March 9, 2018, the Indiana Election Commission issued Order No. 2018-25, which requires the co-directors of the Indiana Election Division and staff of the Lake County Board of Elections to submit data regarding Lake County's voting precincts and other information to the Commission

House Bill 1383 significantly changes the Lake County Precinct Consolidation Law by apparently making it more likely that a consolidation plan will be adopted over the course of this year. Specifically, under the amended Law, a precinct consolidation plan is not set to be adopted by the Commission until July 1, 2018. And, if a plan is adopted by the Secretary of State, it will not be adopted until after July 1. The current case schedule deadlines, however, require Plaintiffs and Defendants (hereinafter, the "Parties") to engage in discovery and exchange expert reports much sooner than that. Under the current schedule, Plaintiffs and Defendants (hereinafter, the "Parties") were required to serve discovery on or before March 9, 2018 in order to receive responses by the discovery deadline of April 9, 2018.[4] The Parties are required to serve deposition notices by March 23, 2018, and Plaintiffs' expert witness disclosures and reports are required to be delivered to Defendants by April 23, 2018.

Because Plaintiffs' case will necessarily be tailored to whatever consolidation plan is adopted, Plaintiffs need additional time to ensure that their discovery and expert disclosures and reports are also tailored to the most current law in effect, including any adopted precinct consolidation plan. Accordingly, Plaintiffs respectfully request a stay of this litigation until ten (10) days after a precinct consolidation plan is adopted pursuant to the amended Ind. Code § 3-6-5.2-10, or until September 1, 2018, whichever occurs first. Plaintiffs propose that the Parties jointly report to the Court if and when a consolidation plan has been adopted to propose a scheduling order to govern the conduct of the rest of the case at that time.

---

[4] The Parties exchanged discovery requests on March 9, 2018. Assuming Defendants will agree to the same, Plaintiffs are willing to have the Defendants' obligation to respond to the discovery requests stayed if the Court grants this Motion.

**Points and Authorities**

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Simon v. Muschell*, No. 1:09-cv-301, 2014 WL 1651975, at *1 (N.D. Ind. Apr. 18, 2014). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1. Plaintiffs contend that a brief stay, as set forth above and in the Proposed Order filed concurrently herewith, pending the adoption of a precinct consolidation plan will help secure the just and efficient resolution of this proceeding.

\* \* \*

For this good cause shown, Plaintiffs respectfully request that the Court enter the attached Proposed Order implementing a stay in this litigation.

DATED: March 22, 2018

By: */s/ Aria C. Branch*
Marc E. Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Elisabeth C. Frost (admitted *pro hac vice*)
Aria C. Branch (admitted *pro hac vice*)
**Perkins Coie LLP**
700 Thirteenth Street, N.W.,
Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6338
Facsimile: 202.654.9106
Email: MElias@perkinscoie.com
Email: BSpiva@perkinscoie.com
Email: EFrost@perkinscoie.com
Email: ABranch@perkinscoie.com

Charles Curtis (admitted *pro hac vice*)
**Perkins Coie LLP**
1 East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: 608.663-7460
Facsimile:608.663.7499
Email: ccurtis@perkinscoie.com

Abha Khanna (admitted *pro hac vice*)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.7499
Email: AKhanna@perkinscoie.com

Alexis E. Danneman
**Perkins Coie LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: 602.351.8201
Facsimile: 602.648.7000
Email: ADanneman@perkinscoie.com

Shana Levinson (IN Bar No. 21350-45)
**Levinson & Levinson**
384 W. 80th Pl.
Merrillville, IN 46410
Telephone: 219.769.1164
Facsimile: 219.769.0337
Email: shanalevinson@hotmail.com
Email: levinsonandlevinson@yahoo.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018 I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

/s/ *Aria Branch*
Counsel for Plaintiffs
Perkins Coie, LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
Email: ABranch@perkinscoie.com