IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA STATE CONFERENCE OF NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 2:17-CV-00334-JVB-JEM<br>)<br>) |
| v. | )<br>) |
| CONNIE LAWSON, in her official capacity as Secretary of State, et al. | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**Defendants' Response to Plaintiffs' Motion to Stay Proceedings**

Plaintiffs filed a motion to stay, requesting that the Court stay this case until ten days after a precinct plan is adopted or until September 1, 2018. Dkt. 35. Defendants agree that litigation of this case is a waste of resources, but disagree that a stay is appropriate. Instead, Plaintiffs have implicitly acknowledged that they prematurely filed a complaint and that, at this point, there is no case or controversy. Thus, while Defendants do not object to the cessation of litigation, they do object to the stay for purposes of merely waiting for some speculative harm to arise. In support, Defendants state the following:

1. Plaintiffs filed a 50-page, 233-paragraph complaint in August 2017, asserting that Senate Bill 220 ("SB 220"), codified as Indiana Code § 3-6-5.2-10, "targets" Lake County "and forces it to consolidate its 'small precincts.'" Dkt. 1, p. 2. Further, so

1

Plaintiffs asserted, SB 220 "will forcibly eliminate or consolidate hundreds of precincts in Lake County." Dkt. 1, p. 3.

2.  But here we are in April 2018, and it has become apparent that SB 220—the target of Plaintiffs' lawsuit—will result in the elimination of zero precincts.

3.  In their motion for a stay, Plaintiffs accurately represent that, in the most recent legislative session, the Indiana General Assembly passed House Bill 1383, a bill that substantially changes the process for review and implementation of precinct consolidation. Dkt. 35, p. 2.

4.  In light of this change, Plaintiffs ask this Court to stay the case while we all wait to see what plan gets put into place under a new law, a law that Plaintiffs did not challenge in their complaint because it did not exist.

5.  While the Plaintiffs correctly note that the Court has broad discretion to stay proceedings, the party seeking a stay bears the burden of proof to show that the Court should exercise that discretion. *Indiana State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961 (2009). Further, what is not discretionary is that a plaintiff must show, "through all stages of federal judicial proceedings," that a case or controversy exists. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). And, to "invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id., quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

6. Plaintiffs now ask the Court and Defendants to wait around until they are actually injured. That is not the right result; the right result is dismissal, and the defendants will move for such a result through a separate motion.

7. Plaintiffs filed a lawsuit in the expectation that SB 220 may result in something they oppose. After nothing happened, they ask this Court to wait until a new bill may result in something they oppose. When there is no injury, federal courts should not wait for some speculative injury to arise. The case should be dismissed.

Accordingly, while the defendants agree that litigation now is pointless, the Court should nevertheless deny Plaintiffs' request for a stay.

    Respectfully submitted,

    CURTIS T. HILL, JR
    Attorney General of Indiana

By:   *s/ Jefferson S. Garn*
    Jefferson S. Garn
    Section Chief, Administrative and
    Regulatory Enforcement Litigation
    Atty. No. 29921-49

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, sending notice to the following party who may access this filing using the Court's system:

Abha Khanna
Aria C. Branch
Bruce V. Spiva
Charles G. Curtis, Jr.
Mark E. Elias
Perkins Coie LLP-Was/DC
700 13th Street NW
Suite 600
Washington, DC 20005

Shana D. Levinson
Levinson & Levinson
384 W. 80th Place
Merrillville, IN 46410

                               *s/ Jefferson S. Garn*
                                Jefferson S. Garn
                                Section Chief, Administrative and Regulatory
                                Enforcement Litigation

Office of the Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN   46204
Phone: (317) 234-7119
FAX:   (317) 232-7979
Email:  Jefferson.Garn@atg.in.gov