**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| INDIANA STATE CONFERENCE OF NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, *et al.* <br><br> Defendants. | Civil Action No. 2:17-cv-00334-JVB-JEM |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Plaintiffs file this Reply Brief in support of Plaintiffs' Motion to Stay the Proceedings primarily to correct a number of inaccuracies and misrepresentations Defendants made in their response brief. At this time, however, Plaintiffs are willing to voluntarily dismiss this case without prejudice since (1) Defendants have opposed Plaintiffs' Motion to Stay, and (2) any precinct consolidation plan adopted pursuant to Indiana Code § 3-6-5.2-10, as amended by House Bill 1383 (hereinafter the "Lake County Precinct Consolidation Law"), will not take effect until 2019. Plaintiffs are awaiting Defendants' response as to whether they will stipulate to a dismissal without prejudice.

Plaintiffs filed this case in August 2017 shortly after the Indiana legislature passed Senate Bill 220, which singled out Lake County and forced it to adopt a precinct consolidation plan that would go into effect in January of this year. Because the enacted Senate Bill 220 targeted Lake County for precinct consolidation without any rational basis or compelling interest and would have the effect of making it more difficult for African Americans, Hispanics, and Democrats to

vote in the upcoming 2018 primary and general elections, Plaintiffs' injury was imminent. To have standing, a plaintiff must show a "concrete and imminent injury-in-fact," a causal relationship between the injury and defendants' challenged conduct, and a likelihood that a favorable decision will redress the injury suffered. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). At the time Plaintiffs brought this lawsuit, their injury was imminent and there was no question they had standing. If, as Defendants now assert, Plaintiffs had prematurely filed their complaint and/or there was no case or controversy, then presumably Defendants would have filed a motion to dismiss Plaintiffs' case last year, but they did not.

After the passage of Senate Bill 220, the Small Precinct Committee and the Indiana Election Commission – the two entities charged with the task of adopting a precinct consolidation plan for Lake County under the law – did not adopt or implement a plan by the statutory deadlines. As a result, on March 8, 2018, the Indiana legislature passed House Bill 1383, which amended the law, changing the process for the adoption and implementation of a precinct consolidation plan and extending the deadlines for doing so. *See* P.L. 210-2018.

House Bill 1383 is the *third* time that the Indiana legislature has attempted to force Lake County to consolidate its voting precincts in violation of voters' statutory and constitutional rights. House Bill 1383 still requires the forced consolidation of precincts that have fewer than 600 "active" voters. The difference between the prior law and the amended law is that under House Bill 1383, if the Indiana Election Commission does not adopt a consolidation plan by the statutory deadline, then the Secretary of State has the power to adopt a plan on her own. *See* P.L. 210-2018. In either scenario, the adopted consolidation plan will take effect on January 1, 2019.

Given that Defendants have opposed Plaintiffs' Motion to Stay, and any plan adopted pursuant to the Lake County Precinct Consolidation Law will not take effect until 2019, Plaintiffs

- 2 -

are willing to voluntarily dismiss this case without prejudice at this time. Plaintiffs are awaiting Defendants' response as to whether they will stipulate to a dismissal without prejudice.

DATED: April 11, 2018

By: */s/ Aria C. Branch*
Marc E. Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Elisabeth C. Frost (admitted *pro hac vice*)
Aria C. Branch (admitted *pro hac vice*)
**Perkins Coie LLP**
700 Thirteenth Street, N.W.,
Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6338
Facsimile: 202.654.9106
Email: MElias@perkinscoie.com
Email: BSpiva@perkinscoie.com
Email: EFrost@perkinscoie.com
Email: ABranch@perkinscoie.com

Charles Curtis (admitted *pro hac vice*)
**Perkins Coie LLP**
1 East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: 608.663-7460
Facsimile:608.663.7499
Email: ccurtis@perkinscoie.com

Abha Khanna (admitted *pro hac vice*)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.7499
Email: AKhanna@perkinscoie.com

Alexis E. Danneman
**Perkins Coie LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: 602.351.8201
Facsimile: 602.648.7000
Email: ADanneman@perkinscoie.com

>Shana Levinson (IN Bar No. 21350-45)
>**Levinson & Levinson**
>384 W. 80th Pl.
>Merrillville, IN 46410
>Telephone: 219.769.1164
>Facsimile: 219.769.0337
>Email: shanalevinson@hotmail.com
>Email: levinsonandlevinson@yahoo.com
>
>*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2018 I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

      /s/ *Aria Branch*
      Counsel for Plaintiffs
      Perkins Coie, LLP
      700 13th St. N.W., Suite 600
      Washington, D.C. 20005-3960
      Phone: (202) 654-6338
      Fax: (202) 654-9106
      Email: ABranch@perkinscoie.com