**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| INDIANA STATE CONFERENCE OF NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CONNIE LAWSON, in her official capacity as Secretary of State of Indiana, *et al.*<br><br>Defendants. | Civil Action No. 2:17-cv-00334-JVB-JEM |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiffs, by counsel, pursuant to Federal Rule of Civil Procedure 41(a)(2), request that the Court dismiss Plaintiffs' claims in this litigation without prejudice. Counsel for Defendants has informed Plaintiffs that Defendants take no position on this motion. Plaintiffs previously moved to stay this action in light of the Indiana legislature's amendments to Ind. Code § 3-6-5.2-10 (the "Lake County Precinct Consolidation Law" or the "Law"), but Defendants opposed Plaintiffs' motion to stay. Given the changes in the Law that create uncertainty as to when and if Lake County re-precincting will occur, and the fact that Defendants will not agree to stay this action, Plaintiffs now move to voluntarily dismiss this lawsuit without prejudice.

## I.     FACTUAL BACKGROUND

Plaintiffs filed this case on August 9, 2017 to challenge the Lake County Precinct Consolidation Law on the grounds that it violates Section 2 of the Voting Rights Act and a number of constitutional provisions. Thereafter, the small precinct committee and the Indiana Election Commission – the two entities charged with the task of adopting a precinct consolidation plan for

Lake County under the Law – did not adopt or implement a plan by the statutory deadlines. However, in March 2018, the Indiana legislature passed House Bill 1383, which amends Ind. Code § 3-6-5.2-10, changing the process for the adoption and implementation of a precinct consolidation plan and extending the deadlines for doing so. In addition, the amended Law provides that any precinct consolidation plan adopted pursuant to Law will not take effect until 2019. House Bill 1383 was signed into law by the governor on March 25, 2018.

## II.     LEGAL ARGUMENT

### A.     Legal Standard for Voluntary Dismissal

Because Defendants have already filed an answer in this case, Plaintiffs' Motion for Voluntary Dismissal is governed by Rule 41(a)(2). Rule 41(a)(2) states that an action may be dismissed at the plaintiffs' request by court order and on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is without prejudice unless otherwise stated. *Id*. Whether to grant a motion for voluntary dismissal is within the discretion of the trial court, but dismissal should be allowed unless the defendant will suffer plain legal prejudice. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). Plain legal prejudice is not established by the mere prospect of a second lawsuit. *Id*.

Courts consider several factors when examining a motion for voluntary dismissal, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The enumeration of these factors "is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate." *Id*.

**B.     The Court should grant Plaintiffs' motion for voluntary dismissal.**

Plaintiffs have moved to voluntarily dismiss this action without prejudice because (1) the relevant entities charged with the task of adopting a precinct consolidation plan have thus far not done so; (2) while it appears likely that a precinct consolidation plan will be adopted under the Law, it is unclear when any plan will be adopted, and the current case schedule is unworkable in light of that uncertainty; and (3) any precinct consolidation plan that is adopted will not take effect until next year. Plaintiffs previously moved for a stay of this action until a precinct consolidation plan was adopted, or until September 1, 2018, whichever occurred first. Defendants opposed Plaintiffs' motion to stay.

Plaintiffs now move to voluntarily dismiss this case without prejudice. The Court should grant Plaintiffs' motion because each of the factors courts consider when examining motions for voluntary dismissal weigh in Plaintiffs' favor. *First*, Defendants have not expended any expense or effort in this matter to prepare for trial. This litigation is far from being ready for trial. Indeed, it appears that Defendants have not incurred any significant effort or costs in this litigation aside from filing an answer. The parties have not engaged in any fact or expert discovery.[1] *Second*, Plaintiffs have been as diligent as possible in litigating this case. Any delay that has occurred has been solely due to events outside of Plaintiffs' control – namely that the entities charged with the task of adopting a precinct consolidation plan for Lake County under the Law did not adopt or implement a plan by the statutory deadlines, and the Indiana legislature subsequently amended the Law to change the process for adopting a plan and the deadlines for doing so. *Third*,

---

[1] Plaintiffs served written discovery requests on Defendants on March 9, 2018, but agreed to suspend the deadlines for responding pending the Court's decision on Plaintiffs' motion to stay the case.

Plaintiffs have provided a detailed, sufficient explanation for the need for a voluntary dismissal. *Fourth*, Defendants have not filed a motion for summary judgment in this action.

Plaintiffs specifically request that the Court dismiss this matter without prejudice because dismissal without prejudice will not disadvantage Defendants. If a precinct consolidation plan is eventually adopted pursuant to the Law, and Plaintiffs challenge the Law again, Defendants will not suffer any prejudice from a subsequent litigation because Defendants have expended very minimal effort and resources on this case thus far, and no judicial decisions have been issued.

*  *  *

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Voluntary Dismiss this action without prejudice.

DATED: May 3, 2018

By: */s/ Aria C. Branch*
Marc E. Elias (admitted *pro hac vice*)
Bruce V. Spiva (admitted *pro hac vice*)
Elisabeth C. Frost (admitted *pro hac vice*)
Aria C. Branch (admitted *pro hac vice*)
**Perkins Coie LLP**
700 Thirteenth Street, N.W.,
Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6338
Facsimile: 202.654.9106
Email: MElias@perkinscoie.com
Email: BSpiva@perkinscoie.com
Email: EFrost@perkinscoie.com
Email: ABranch@perkinscoie.com

Charles Curtis (admitted *pro hac vice*)
**Perkins Coie LLP**
1 East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: 608.663-7460
Facsimile:608.663.7499

Email: ccurtis@perkinscoie.com

Abha Khanna (admitted *pro hac vice*)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.7499
Email: AKhanna@perkinscoie.com

Alexis E. Danneman
**Perkins Coie LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Telephone: 602.351.8201
Facsimile: 602.648.7000
Email: ADanneman@perkinscoie.com

Shana Levinson (IN Bar No. 21350-45)
**Levinson & Levinson**
384 W. 80th Pl.
Merrillville, IN 46410
Telephone: 219.769.1164
Facsimile: 219.769.0337
Email: shanalevinson@hotmail.com
Email: levinsonandlevinson@yahoo.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2018 I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

/s/ *Aria Branch*
Counsel for Plaintiffs
Perkins Coie, LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
Email: ABranch@perkinscoie.com